640-09/GMV/WJP
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
HANDYTANKERS K/S
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax
Gina M. Venezia
William J. Pallas

09 CV 8678

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10 15 09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------x

| | | |
|---|---|---|
| HANDYTANKERS K/S, | | 09 CIV. ( ) |
| | Plaintiff, | **ORDER DIRECTING CLERK TO ISSUE PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT; APPOINTING PERSON TO SERVE PROCESS PURSUANT TO RULE 4(c) AND CONCERNING SCOPE OF SERVICE** |
| -against- | | |
| MEDNAVI SRL, | | |
| | Defendant. | |

-----------------------------------------------------x

Upon reading and filing the Verified Complaint of the Plaintiff herein, verified on the 13th day of October, 2009, and the Affidavit of **Eric Matheson**, sworn to on the same day, that to the best of his information and belief Defendant MEDNAVI SRL cannot be found within this District for the purpose of an attachment under Supplemental Rule B(1) and in support of an order appointing a special process server pursuant to Rule 4(c), and the Court having found that the conditions required by Rule B(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure exist, and good cause having been shown,

NOW, upon motion of Freehill Hogan & Mahar, LLP, attorneys for the Plaintiff, it is hereby

NYDOCS1/338886.1

**O R D E R E D** that the Clerk of this Court is directed forthwith to issue the Process of Maritime Attachment and Garnishment for seizure of all tangible and intangible property of the Defendant, as described therein, including but not limited to any property of the Defendant such as any cash, funds, escrow funds, debts, credits, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire, sub-charter hire, and/or other assets of, belonging to, due or being transferred to, from, or for the benefit of the Defendant MEDNAVI SRL (collectively, "ASSETS"), including but not limited to such ASSETS as may be held, received or transferred in their name or as may be held, received or transferred for their benefit, at, through, or within the possession, custody or control of banking institutions, and/or other garnishee(s) on whom a copy of the Process of Maritime Attachment and Garnishment may be served, in the amount of **$5,553,283.88,** pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure; and it is further

**O R D E R E D** that supplemental process enforcing the Court's Order may be issued and served without further Order of the Court; and it is further

**O R D E R E D** that ~~William J. Pallas, Michael E. Unger~~, Barbara Carnevale, ~~Pamela Shultz, Justin Nastro, Daniel Fitzgerald, Jan Gisholt, Susan Lee~~, Robert Ridenour, Joan Sorrentino, Christina Gargano, or any other partner, associate, paralegal or other agent of Freehill Hogan & Mahar LLP be and is hereby appointed, in addition to the United States Marshal, to serve the Process of Maritime Attachment and Garnishment and the Verified Complaint, together with a copy of this Order and any interrogatories, upon garnishee(s), together with any other garnishee(s) who (based upon information developed subsequent hereto by the Plaintiff) may hold assets of, for, or on behalf of the Defendant; and it is further

**O R D E R E D** that following initial service upon any garnishee by the United States Marshal or any other person designated by this or any subsequent Order to make service in this action, supplemental service of the Process of Maritime Attachment and Garnishment may thereafter be made by way of facsimile transmission or other verifiable electronic means, including e-mail, to each garnishee so personally served, such service to be in accordance with each garnishee's preference or policy, and such facsimile or other electronic transmission shall be deemed to be made within the district if it has been sent from within the district; and it is further

**O R D E R E D** that service on any garnishee herein is deemed to be effective and continuous service throughout the remainder of the day upon which such service is made commencing from the time of such service, and it is further deemed to be effective through the end of the next business day, provided another service is made the next business day.

Dated: New York, New York
October 14, 2009

_____
UNITED STATES DISTRICT JUDGE

ADDENDUM TO ORDER FOR THE PROCESS OF MARITIME ATTACHMENT

IT IS FURTHER ORDERED that:

1. This Addendum is an integral part of the order of today's date for the process of maritime attachment pursuant to Rule B of the Supplemental Rules. If any provision of this Addendum conflicts with the body of the order, the provision of this Addendum shall be controlling.

2. Following initial service by the United States Marshal or other designated process server upon each garnishee, supplemental service of the process of maritime attachment and garnishment, as well as this order, may be accomplished by email, facsimile transmission, or other verifiable electronic means, provided that the garnishee consents to the manner of such supplemental service. The consent of the garnishee may be manifested in the garnishee's written rules or policies regarding service. Such supplemental service shall be deemed to be made within the District if a natural person within the District caused the service to be transmitted to a garnishee having an office within the District. Service on any garnishee as described above is deemed effective and continuous through the close of business of the next business day provided that the garnishee consents to same. The consent of the

garnishee may be manifested in the garnishee's written rules or policies regarding service.

3. ~~If this order has been sealed, such sealing shall expire, except for good cause shown, by no later than 30 days from the date hereof, at which time plaintiff's counsel shall file an unsealed copy of the order with the Clerk of the Court.~~

4. If no assets are attached within 60 days of this order, then the order shall automatically expire and be vacated unless prior thereto counsel submits a detailed affidavit establishing to the Court's satisfaction good cause for an extension not to exceed an additional 60 days. In no event, moreover, will an attachment extend beyond 120 days unless assets are attached prior to the expiration of that period, failing which the order for process of maritime attachment shall automatically expire and be vacated.

5. In cases where no adversary proceeding or arbitration respecting the claim(s) underlying the attachment has yet commenced, the plaintiff shall advise the Court in writing within 60 days hereof whether such proceeding or arbitration has commenced. If no such proceeding or arbitration has by then commenced, then the order for process of maritime attachment shall automatically expire and be vacated unless prior thereto counsel

submits a detailed affidavit establishing to the Court's satisfaction good cause for an extension not to exceed an additional 60 days. In no event, moreover, will an attachment extend beyond 120 days unless an adversary proceeding or an arbitration respecting the underlying claim(s) has actually commenced, failing which the order for process of maritime attachment shall automatically expire and be vacated.

6. Upon expiration or vacatur of the order for process of maritime attachment by reason of any of the foregoing paragraphs, this action shall automatically be dismissed without prejudice, without costs, and without further notice to any party. *The plaintiff shall notify the Court of the automatic dismissal of this action*

Dated: New York, NY
10/14/09.

_____6/Koeltf_____
John G. Koeltl, U.S.D.J.