```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/28/09
```

LAW OFFICES OF

## FREEHILL HOGAN & MAHAR LLP

80 PINE STREET

NEW YORK, N.Y. 10005-1759

TELEPHONE (212) 425-1900

FACSIMILE (212) 425-1901

WRITER'S DIRECT DIAL: (212) 381-3019

October 26, 2009

Our ref: 640-09/GMV

**VIA TELEFAX: (212) 805-7912**
The Honorable John G. Koeltl
United States District Judge
500 Pearl Street · Room 910
New York, New York 10007

Re: Handytankers K/S v. Mednavi SRL
09 Civ. 8678 (JGK)

> *[Handwritten note from Judge:]* Application denied. There is no suggestion of any basis on which the attachment (or this case) should be sustained. The application asks the Court to continue an attachment which appears void, and then to enlist the Court in continuing a wrongful attachment. The Court notes that if the case is dismissed without prejudice, it could be reinstated if there were a valid basis to do so. So ordered.
> 10/28/09   /s/ JGK   USDJ

Dear Judge Koeltl:

We represent Plaintiff in this matter which involves a Rule B maritime attachment. Defendant has not yet appeared in the action and no funs are presently under attachment. We respectfully write to request a brief adjournment of the deadline set forth in the Court's October 19, 2009, Order.

As Your Honor is aware, the October 19 Order directed Plaintiff to submit a proposed order by October 30, 2009, vacating the attachment order in this case and dismissing this action without prejudice. Alternatively, Plaintiff can submit an affidavit showing why property of the defendant that can be attached may be found in the district or "any other reason why the attachment should not be vacated." Your Honor's rulings were grounded on the Second Circuit's recent decision in *Shipping Corp. of India v. Jaldhi Overseas Pte. Ltd.*, Nos. 08-3477-cv(L), 08-3758-cv (XAP) (2d Cir. October 16, 2009), which held that EFTs in the hands of an intermediary bank are not subject to attachment under Rule B.

As outlined more fully below, *Jaldhi* has placed this firm (as well as many other maritime firms) in a conflict situation which impacts our ability to represent Plaintiff in the captioned case. In these circumstances, the time limit set out in the Order does not permit sufficient consideration and resolution of the conflict issues generated by *Jaldhi*. Accordingly, we respectfully request an adjournment of the October 30 deadline in the Court's Order up to and including November 16, 2009. The grounds for the request are set forth more fully below.

NYDOCS1/339804.1

October 26, 2009
Page 2 of 2

We advise the Court that our firm Freehill Hogan & Mahar, LLP, represent both plaintiffs and defendants in numerous Rule B matters before the Southern District of New York. The firm has always made an effort to avoid placing itself in a conflict situation by not advocating or taking a case which would place in jeopardy a legal argument advanced by another client on the other side of the "v", so to speak. Accordingly, the unexpected reversal of the established precedent concerning the attachability of EFT's has prompted the firm to undertake a conflicts analysis as to whether we can continue with representation of both plaintiffs and defendants, if advancing an argument potentially available under *Jaldhi* might otherwise prejudice or undermine our representation for clients with a different position.

The firm has carefully considered the conflicts issue and has consulted with other New York counsel on this same point who, we understand, have also consulted outside ethics counsel. After carefully considering the issues, we have concluded that *Jaldhi* has created positional conflicts for the firm and impacts the ability to represent both plaintiffs and defendants in different Rule B matters. *See, e.g.*, N.Y. Rules of Prof'l Conduct R. 1.7 & 1.9; ABA Opinion 93-377 (Sept. 1993); N.Y. Comm. on Prof'l Ethics Op. 826 (Sept. 12, 2008). Because of the conflicts situation, we have (since last week) been in the process of attempting to contact the firm's numerous clients worldwide to address this issue and arrange for substitute counsel where necessary for those clients on whose behalf we will no longer be able to act. The process is ongoing.

We submit that compelling the firm to respond by October 30 and potentially obligating us to make arguments or take action which could potentially run *contra* to the interests of other clients on whose behalf alternative representation has not yet been arranged would put us in an untenable position. We appreciate the pressure the Court has been under with the proliferation of attachments filed in the wake of the collapse of the world markets last fall, and the interest the Court has in clearing the docket in an appropriate situation. This said, we respectfully submit that the deadline in the Order should be altered to allow the firm to resolve the conflicts issue and to allow the parties to deal with the issues and then present them in a reasonable timeframe where the ramifications of *Jaldhi* can be fairly considered. Accordingly, we would ask that the October 30 deadline set forth in the Order be adjourned until November 16, 2009, so that the conflicts issue can be resolved and the firm afforded a reasonable opportunity to take the appropriate steps to protect the interests of clients affected by *Jaldhi*.

In closing, we appreciate the Court's attention to the foregoing, and the many times this Court has extended courtesies to us and our clients in the handling of this and other Rule B cases, especially over the course of the last year. Thank you.

Respectfully submitted,
FREEHILL HOGAN & MAHAR, LLP

William J. Pallas
Gina M. Venezia

NYDOCS1/339804.1